MITCHEL & AL. vs. GERVAIS.

MITCHEL & AL.
vs.
GERVAIS.

APPEAL from the court of the parish and city of New Orleans.

An injunction improperly taken against one partner, authorises an action for damages at the suit of the firm.

PORTER, J. delivered the opinion of the court. The petitioners complain that jointly with one James Lambert, they entered into a contract with Alexander Jackson, to erect a house for him, and that they were prevented from carrying it into execution by the defendant illegally sueing out a writ of injunction.

The defendant pleaded the general issue, and the cause being submitted to the jury, they found a verdict for the plaintiffs for $543 90-100.

The right of the plaintiffs to recover, for an injury, such as is alleged in the petition, has not been controverted, but some objection has been made to the particular proceedings in this case.

First it has been urged, that the petition avers that he made a contract in writing, and that none such was produced on trial.

We perceive on the record, a contract such as declared on, and we observe a bill of exceptions was taken to its introduction in evidence ; upon what ground we do not know, as

East'n District.
*June,* 1824.

MITCHEL & AL.
*vs.*
GERVAIS.

it is stated to have been duly proved. We think the judge correctly admitted it, and that there is no ground for alleging here that it was not produced on the trial below.

It has also been contended that the plaintiffs have failed in proving that they were prevented from carrying into effect their contract with Jackson; that the evidence shews it was one Mitchel, and not the appellees, against whom the injunction was taken out. But the record shews that the contract was made with Mitchel and the plaintiffs, all of whom were bound to erect the building contracted for, and were to receive the stipulated price; and that Mitchel was proceeding to carry on his and his partners' contract, when he was prevented by the injunction. His partners therefore shared the injury resulting from the obstacle put to the completion of the building, and consequently have a right to demand they should be compensated for the injury they have sustained.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.